IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| ABBA GOYNES PRESTON and §<br>KENNETH PRESTON §<br>§ | <br><br>C.A. NO: _____ |
| vs. § | |
| § | |
| FALCON TRANSPORT CO., § | COMPLAINT FOR DAMAGES |
| AURORA TRAILER LEASING § | Personal Injury Action (28 U.S.C. §1332) |
| & RENTAL LLC, and § | |
| RONALD CLARK § | DEMAND FOR JURY TRIAL |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW **ABBA GOYNES PRESTON** and **KENNETH PRESTON** ("Plaintiffs") and would file this their lawsuit complaining of Defendants **FALCON TRANSPORT CO., AURORA TRAILER LEASING & RENTAL LLC, and RONALD CLARK** ("Defendants"), and would show unto this Honorable Court and Jury as follows and show:

**1.**
**THE PARTIES AND SERVICE**

1.1    Plaintiffs are individual residents of San Jacinto County, Texas and their address is: 400 Campbell Acres Road, Cleveland Texas 77327.

1.2    Defendant **FALCON TRANSPORT CO.,** is a foreign corporation duly organized and existing pursuant to the laws of the State of Ohio. This Defendant may be served in this cause of action by serving t James L. Messenger, 6 Federal Plaza Central, Suite 1300, Youngstown, Ohio 44503.

1.3    Defendant, **AURORA TRAILER LEASING & RENTAL LLC,** is a foreign corporation duly organized and existing under the laws of the State of Delaware. Defendant has a

Registered Agent for Service in Texas and service may be had by serving Corporation Service Company d/b/a CSC – Lawyers Inco, 211 E. 7th Street, Suite 620, Austin Texas 78701.

1.4     Defendant **RONALD CLARK** is an individual resident of the State of Tennessee and may be served at his residence of 66 Falkner Lane, Camden TN  38320.

1.5     At all times material to this lawsuit, Defendant, **RONALD CLARK,** was an agent, servant, representative and/or employee of Defendant **FALCON TRANSPORT CO.** and/or **AURORA TRAILER LEASING & RENTAL LLC.,** and at the time of the occurrence made the basis of this lawsuit, Defendant, **RONALD CLARK,** was in the course and scope of his employment and in the furtherance of his employer's business.

1.6     At all times material to this lawsuit, Defendant **FALCON TRANSPORT, CO.** was acting individually and/or by and through its agents, servants, representatives, employees, officers, owners, vice-principals, supervisors and/or managers.

## 2.
## JURISDICTION AND VENUE

2.1     Plaintiffs would show that the Plaintiffs are resident citizens of the State of Texas and no Defendant is a resident citizen of Texas. Further, Plaintiffs would show that the amount of controversy exceeds the sum or value set forth in 28 U.S.C. 1332.  Therefore, this Court has diversity jurisdiction in this cause.

2.2     Venue is proper as corporate defendants do business within the State of Texas and, particularly, within the Eastern District of Texas.  Furthermore, the motor vehicle collision in question occurred in Liberty County which is within the Eastern District of Texas (Beaumont Division).

## 3.
## FACTUAL ALLEGATIONS

3.1     On December 7, 2011, a motor vehicle collision occurred between the white, Chevrolet Cavalier operated by **ABBA PRESTON** and an eighteen wheeler operated by **RONALD CLARK**.

3.2     The motor vehicle collision occurred at or near FM 2025 and CR 388 in Cleveland, Liberty County, Texas.

3.3     The eighteen wheeler rig operated by **RONALD CLARK** was owned and/or operated by **FALCON TRANSPORT CO., and/or AURORA TRAILER LEASING & RENTAL LLC.**  One or more of the Defendants were commercial motor carriers engaged in interstate commerce.

3.4     At all times relevant hereto, **RONALD CLARK** was acting as an agent, servant, employee or representative of **FALCON TRANSPORT CO., and/or AURORA TRAILER LEASING & RENTAL LLC.**

3.5     **RONALD CLARK**, while traveling west on CR 2025 suddenly turned his vehicle left in an attempt to enter FM 388 just as ABBA PRESTON's vehicle was heading east on CR 2025.  ABBA PRESTON was traveling in a lawful and safe manner immediately prior to **CLARK'S** turn into the east-bound lane of CR 2025.  ABBA PRESTON had no time or opportunity to avoid the sudden turn of CLARK into her lane of travel.  The resulting impact occurred in ABBA PRESTON'S lane of travel, demolishing ABBA PRESTON'S vehicle and causing ABBA PRESTON severe, significant and permanent bodily injuries.

3.6     The collision in question was investigated by the Cleveland Police Department who found that **RONALD CLARK** failed to yield the right-of-way, turning left, to ABBA PRESTON'S vehicle.

3.7     The motor vehicle collision in question was brought about and proximately caused by the negligence and/or gross negligence of the Defendants.

# 4.
# CAUSE(S) OF ACTION

4.1     Plaintiff's injuries and damages resulted from the collision between the vehicle in which Plaintiff was riding and the vehicle operated by Defendant and were proximately caused by Defendant's negligent acts and/or omissions, including but not limited to one or more of the following:

a.  In failing to keep such a lookout as would have been kept by a person exercising ordinary care and prudence under the same or similar circumstances.

b.  By traveling at a faster rate of speed than a person exercising ordinary care and prudence would have traveled under the same or similar circumstances, in violation of the applicable provisions of chapter 545, V.T.C.A., Section 545.351 and 545.352.

c.  In operating his vehicle at an unsafe and unreasonable speed.

d.  In failing to make such a timely and proper application of the brakes as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

e.  In failing to maintain his vehicle within a single lane.

f.  In failing to make such turning movements of the vehicle in question as would have been made by a person exercising ordinary care and prudence under the same or similar circumstances.

g.  In violating one or more provisions of the Federal Motor Carrier Safety Regulations.

h.  In failing to yield the right-of-way, as that term is defined in law, to the vehicle in which Plaintiff was riding, in violation of the applicable provisions of V.T.C.A., Transportation Code, § 545.151 and §545.152, Chapter 545, which also constituted negligence, per se.

i.  In failing to control his motor vehicle.

      j.      By driving while fatigued and/or impaired.

      k.      In failing to avoid a collision.

      l.      By driving in excess of the maximum hours allowed under the Federal Motor Carrier Safety Regulations.

      m.      In operating his motor vehicle in an unsafe manner under the existing circumstances.

4.2    Furthermore, Defendant **RONALD CLARK** was an unfit driver and Defendants, **FALCON TRANSPORT CO.**, and/or **AURORA TRAILER LEASING & RENTAL LLC** knew or should have known of this fact. Despite this, Defendants **FALCON TRANSPORT CO., and AURORA TRAILER LEASING & RENTAL LLC** negligently entrusted their vehicle(s) to **RONALD CLARK**, which negligence was a proximate cause of Plaintiff's injuries and damages. Furthermore, the Defendants were negligent in hiring, training, instructing, supervising and/or and retaining Defendant, **RONALD CLARK**.

4.3    Furthermore, before employing a person as a driver of a motor vehicle to transport person or property, Defendant failed to request from the appropriate Department of Public Safety and/or Division Of Motor Vehicles a list of the potential employee's and/or driver's convictions of traffic violations. Defendants further failed to make a complete, reasonable and diligent inquiry and/or investigation into **RONALD CLARK'S** prior employment and/or driving history.

4.4    In addition to Defendant's ordinary negligence alleged above, Defendants' conduct was characterized by gross negligence as that term is understood under the laws of the State of Texas. This conduct was also a proximate cause of Plaintiff's damages and entitles them to recover exemplary damages from Defendant.

4.5    One or more of the foregoing acts and/or omissions was a proximate cause of the occurrence in question. Plaintiffs invoke the Doctrine of Respondeat Superior. Furthermore,

Plaintiffs would move this Court to impose joint and several liability on these Defendants pursuant to the Laws and Statutes of Texas. Additionally, one or more of the Defendants' grossly negligent acts and/or omissions were caused by owners, vice principals, supervisors or managers of the Defendants.

## 5.
## DAMAGES

5.1 Upon trial of this case, it will be shown that Plaintiffs were caused to sustain injuries and damages as a proximate result of Defendants' negligence. Plaintiffs will request the Court and Jury to determine the amount of loss Plaintiffs have incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry. Plaintiffs are entitled to have the Jury in this case separately consider certain elements of damages provided by law, to determine the sum of money for each element that will fairly and reasonably compensate Plaintiffs for injuries, damages and losses incurred and to be incurred. Elements of damages from the date of the collision in question until the time of trial of this case and in the future beyond the time of trial are as follows:

      n.    Physical pain that Plaintiff suffered from the date of the collision in question to the time of trial and in the future beyond the time of trial.

      o.    Mental anguish that Plaintiff suffered from the date of the collision in question to the time of trial and in the future beyond the time of trial.

      p.    Reasonable and necessary medical expenses actually paid or incurred by or on behalf of Plaintiff in the treatment of Plaintiff's injuries from the date of the collision in question to the time of trial and in the future beyond the time of trial.

      q.    Loss of enjoyment of life, both past and future.

      r.    The difference between market value of Plaintiff's automobile immediately before and immediately after the collision in question; or, alternatively, the reasonable cost of restoring such automobile to the condition it was in

    immediately before the collision in question; and/or any rental car bill that was incurred as a result of the auto accident.

  s. Scarring and disfigurement suffered by Plaintiff from the date of the collision in question to the time of trial and in the future beyond the time of trial.

  t. Physical and/or mental impairment suffered by Plaintiff from the date of the collision in question to the time of trial and in the future beyond the time of trial.

  u. Loss of consortium, society, companionship, affiliation and services of spouse suffered by Plaintiff from the date of the collision in question to the time of trial and in the future beyond the time of trial.

  m. Miscellaneous expenses and losses, including mileage, parking, rental cars, taxi fares and any other items of special needs.

5.2. If the Defendants claim that Plaintiff had a pre-existing condition, disease or infirmity in her body, and if said condition or disease existed in any degree whatsoever, the above described accident aggravated, accelerated and/or made worse such condition, disease or infirmity so as to be a proximate cause of injuries, disability and/or damages.  If the Defendant claims any doctor aggravated Plaintiff's injuries, the Plaintiff may recover for aggravation of her injuries brought about by improper medical treatment since she was not negligent in the selecting of her medical advisors.

5.3 **ABBA BOYNES PRESTON** was born on February 6, 1939.  According to the U.S. Life Tables (2006) (attached), U.S. Department of Vital Statistics, she has an additional 13.8 years within which to live.  Your Plaintiff hereby request this Honorable Court to take Judicial Notice of same, pursuant to Rule 201 of the Federal Rules of Evidence.

5.4 **KENNETH PRESTON** was born on  August 12, 1941.  According to the U.S. Life Tables (2006) (attached), U.S. Department of Vital Statistics, he has an additional 13.8 years within

which to live. Your Plaintiff hereby request this Honorable Court to take Judicial Notice of same, pursuant to Rule 201 of the Federal Rules of Evidence.

## 6.
## AMOUNT OF DAMAGES

6.1     The amount of damages to be awarded to Plaintiffs is a matter that is left to the discretion of the jury. Plaintiffs would show that the amount in controversy does exceed the minimum jurisdictional mount of $75,000.00. Plaintiffs likewise state that the amount of exemplary damages to be assessed is also a matter that is left to the discretion of the jury.

6.2     Plaintiff is also entitled to and hereby sues for the recovery of all interest (including pre-and post judgment) as allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that the Defendants be duly cited to appear and answer herein; that upon final trial of this cause, Plaintiffs recover of and from the Defendants for all compensatory damages, punitive and/or exemplary damages, both pre- and post-judgment interest, at the legal rate thereon, costs of court, and such other and further relief to which Plaintiffs may be justly entitled to receive, at law or in equity.

Respectfully submitted,

SIMMONS & FLETCHER P.C.

KEITH M. FLETCHER - TBN# 07141800
9821 Katy Freeway Suite 925
Houston, TX  77024
713-932-0777
713-935-1410 -  – facsimile:
kfletcher@simmonsandfletcher.com